UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CORINA VALENZUELA,<br><br>Defendant. | Case No. MJ11-00493<br><br>ORDER DENYING STIPULATED MOTION TO EXTEND TIME TO SEEK INDICTMENT |

On February 22, 2012, the parties to the above-captioned matter filed a Second Stipulated Motion to Extend Time to Seek Indictment. Dkt. 14. The motion asserts that an extension of time is necessary because the Defendant remains in an in-patient drug treatment program and her counsel have not yet completed their research of the legal and factual issues of this case. Without an opportunity to complete their research, defense counsel cannot engage in meaningful plea negotiations and the parties agree "that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at 2:10-11.

The Speedy Trial Act of 1974 provides that the Court may extend the time to seek an indictment upon the motion of either party "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest

ORDER
PAGE - 1

of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). However, Congress "did not intend the 'ends of justice' exclusion to be granted as a matter of course but rather [intended it] to be used sparingly and only when necessary." *United States v. Lewis*, 980 F.2d 555, 560 (9th Cir. 1992). Hence, an "ends of justice" exclusion may be granted only for a specific duration when "justified [on the record] with reference to the facts as of the time the delay is ordered." *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1154 (9th Cir. 2000) (internal quotations and emphasis omitted). Generalized assertions that the "ends of justice" will be satisfied by the granting of a continuance are insufficient. *Id.* at 1154-55.

Here, the parties have provided no evidence, or adduced any facts from the record sufficient to justify granting a continuance. Instead, the parties waited until after the indictment deadline had already passed before requesting a second extension, and have not offered any particular reason why defense counsel has been unable to complete its investigation of the case. The parties' motion (Dkt. 14) is therefore DENIED.

DATED this 22nd day of February, 2012.

*James P. Donohue*
—————————————
JAMES P. DONOHUE
United States Magistrate Judge